# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DANIEL BOVA, JEREMY HARRIS, individually and on behalf of all others similarly situated, and CLARITY HCM, LLC, a Florida limited liability company, <br><br> Plaintiffs, <br><br> v. <br><br> PAYLOCITY HOLDING CORPORATION, a Delaware corporation, and PAYLOCITY CORPORATION, an Illinois corporation, <br><br> Defendants. | Case No. <br><br> Judge <br><br> Magistrate Judge |

## NOTICE OF REMOVAL

Defendants Paylocity Holding Corporation ("Paylocity Holding") and Paylocity Corporation ("Paylocity") (collectively "Defendants"), hereby provide notice of removal of a state court civil action titled *Bova, et al., v. Paylocity Holding Corp., et al.*, No. 2022CH07403, from the Circuit Court of Cook County, Illinois (the "State Court Action"), to the United States District Court for the Northern District of Illinois, pursuant to 28 U.S.C. §§ 1332(a), 1332(d), 1441(a), 1446, and 1453. As grounds for removal, Defendants state as follows:

**I.  STATE COURT ACTION**

On July 29, 2022, Plaintiffs Daniel Bova, Jeremy Harris, and Clarity HCM, LLC ("Plaintiffs") filed the State Court Action in the Circuit Court of Cook County, Illinois. Counsel for Defendants received a copy of the complaint in the State Court Action via email on August 1, 2022. A copy of the complaint is attached as Exhibit A, and a copy of the docket in the State Court Action is attached as Exhibit B.

To date, no substantive matters have been addressed in the State Court Action. Pursuant to 28 U.S.C. § 1446(a), copies of all other process, pleadings, and orders that have been filed in the State Court Action are attached hereto as Exhibit C.

The complaint alleges that certain forfeiture and repayment clauses contained in Paylocity Holding's restricted stock agreement ("RSU Agreement") are unenforceable as a matter of law and seeks a declaratory judgment that such provisions violate the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.* (*See* Ex. A ¶¶ 48–73, 115–125.)

Plaintiffs seek to represent a class consisting of:

> All current or former employees of Paylocity who are bound by the RSU Agreement or the RSU No. 2 Agreement whether or not they forfeited unvested Restricted Stock Units due to termination of employment, whether or not they were required to deliver to Paylocity Holding all Units granted to the Participant in the three (3) years preceding a breach of a covenant not to disclose, or a covenant not to compete, or a covenant not to solicit or hire, or whether or not they were required to repay the gross proceeds from all disposition of any Units granted or Shares of Stock issue[d] in settlement of such Units, or whether or not they were required to immediately forfeit unvested Units, over the past ten (10) years.

(*Id.* ¶ 110.)

Plaintiffs seek declaratory relief, damages, attorneys' fees and costs, and such other relief as the Court deems proper. (*Id.* at 25–26.)

Plaintiffs Bova and Harris also allege that Paylocity Holding has breached a contract with them and that Defendants have defamed them. (*Id.* ¶¶ 74–107, 126–129.)

II. **GROUNDS FOR REMOVAL**

    A. **This action is removable under the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d) and 1453.**

Section 1441(a) of the United States Code provides for removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . ." 28 U.S.C. § 1441(a). This action is removable under § 1441 because the district courts of the United

2

States have original jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"). *See* 28 U.S.C. § 1332(d); *see also* 28 U.S.C. § 1453(b).

Pursuant to § 1332(d), removal of this action is proper because the district courts of the United States have original jurisdiction over any class action: (i) involving a plaintiff class of 100 or more members; (ii) where at least one member of the plaintiff class is a citizen of a state different from any defendant ("minimal diversity"); and (iii) in which the matter in controversy exceeds (in the aggregate) the sum or value of $5,000,000, exclusive of interest and costs. 28 U.S.C. §§ 1332(d)(2) and (5); *see also Dart Cherokee Basin Operating Co. v. Owens,* 574 U.S. 81, 89 (2014) (noting that there is no presumption against removal in cases invoking CAFA and CAFA's "provisions should be read broadly").[1]

As demonstrated below, all three conditions are met in this action, and therefore the action is removable under 28 U.S.C. § 1332(d). Additionally, no exclusions under CAFA bar removal of this case.

### 1. The putative class consists of 100 or more persons and the amount in controversy exceeds $5,000,000.

CAFA defines "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). In the complaint, Plaintiffs seek class certification pursuant to Illinois state law (*see* Ex. A ¶¶ 108–114), which provides that "a party may sue or be sued as a representative party of [a] class only if the court finds: (1) The class is so numerous that joinder of all members is impracticable. (2) There are questions of fact or law common to the class, which common questions predominate over any

---

[1] By demonstrating that this matter is removable under 28 U.S.C. § 1332(d), Defendants do not waive, and expressly reserve, their arguments that there is no basis to certify a class in this matter.

questions affecting only individual members. (3) The representative parties will fairly and adequately protect the interest of the class. (4) The class action is an appropriate method for the fair and efficient adjudication of the controversy." 735 Ill. Comp. Stat. § 5/2-801. These requirements are substantially similar to the requirements of Fed. R. Civ. P. 23. (*Compare* 735 Ill. Comp. Stat. § 5/2-801 *with* Fed. R. Civ. P. 23.) 735 Ill. Comp. Stat. § 5/2-801 is therefore a "similar State statute" under CAFA.

Plaintiffs' proposed class of similarly situated individuals includes "[a]ll current or former employees of Paylocity who are bound by the RSU Agreement or the RSU No. 2 Agreement[.]" (Ex. A ¶ 110.) Plaintiffs allege that the amounts at issue under the forfeiture and repayment provisions of their own RSU Agreements are approximately $800,000.00 each. (*Id.* ¶ 125.) Plaintiffs further allege that at least 500 individuals are parties to RSU Agreements. (*Id.* ¶ 7.) They seek an award of monetary damages, attorneys' fees and costs, and "such other relief as the Court deems proper." (*Id.* at 25.)

Hundreds of class members multiplied by thousands of dollars or tens or hundreds of thousands of dollars (as in Plaintiffs' cases) in possible damages clearly results in aggregated alleged damages substantially exceeding the CAFA jurisdiction requirement that the matter in controversy exceed, in the aggregate, $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(6). As such, the district courts of the United States have jurisdiction over this matter. *See* 28 U.S.C. § 1332(d)(2); *see also Bloomberg v. Service Corp. Int'l.*, 639 F.3d 761, 764 (7th Cir. 2011) ("Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5,000,000 . . . the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much.").

4

### 2. The parties are minimally diverse.

The parties in this action are minimally diverse because "any member of [the class] of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). Plaintiffs Daniel Bova and Jeremy Harris allege that they are residents of Florida. (Ex. A ¶¶ 11–12.) Plaintiff Clarity HCM, LLC alleges that it is a Florida limited liability company that began operating in Santa Rosa Beach, Florida, and that "[i]ts members are Daniel Bova and Jeremy Harris." (*Id.* ¶¶ 13, 66.) Paylocity Holding is a Delaware corporation with its principal executive offices located in Schaumburg, Illinois. (*Id.* ¶ 14.) Paylocity, a subsidiary of Paylocity Holding, is an Illinois corporation with its headquarters in Schaumburg, Illinois. (*Id.* ¶ 15.) Defendants, therefore, are citizens of Delaware and Illinois for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1) (providing that a corporation "shall be deemed to be a citizen of every [s]tate . . . by which it has been incorporated and . . . where it has its principal place of business"). Thus as alleged by Plaintiffs, the parties are minimally diverse under CAFA.

### 3. CAFA exclusions do not bar removal.

Sections 1332(d)(4), (d)(9), and 1453(d) of the United States Code list exclusions to removal jurisdiction. This action does not fall within any of those exclusions. Section 1332(d)(4) bars district courts from exercising jurisdiction over a class action when, among other things: "greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed" and "at least 1 defendant is a defendant . . . who is a citizen of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(A). Section 1332(d)(4)(B) similarly excludes from district court jurisdiction cases where "two thirds or more of" the class members and "the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B). It is Plaintiffs' burden

5

to demonstrate that either exclusion applies. *Hart v. FedEx Ground Package Sys., Inc.*, 457 F.3d 675, 680 (7th Cir. 2006).

Here, the complaint contains no allegations suggesting that more than two-thirds of the putative class are citizens of Illinois, and any argument for application of either CAFA exclusion would be based on pure speculation. *See In re Sprint Nextel Corp.*, 593 F.3d 669, 673–76 (7th Cir. 2010) (explaining that a plaintiff must establish that two-thirds of the class members are citizens of the forum state by a "preponderance of the evidence," and describing evidence that would suffice to meet this standard); *Gates v. Eagle Foods Grp., LLC*, 2021 WL 1340805, at *4 (N.D. Ill. April 9, 2021) (denying motion to remand where plaintiff failed to explain how he knew that two-thirds of the class were citizens of Illinois, which was "not surprising in light of his statement that he [did] not know the size of the class").

The exceptions to CAFA removal jurisdiction in §§ 1332(d)(9) and 1453(d) apply to matters that arise under the Securities Act of 1933 or the Securities Exchange Act of 1934. 28 U.S.C. § 1332(d)(9); 28 U.S.C. § 1453(d). This action was not brought pursuant to either of those Acts, and therefore those exceptions do not apply.

    **4.**      **This Court has jurisdiction under 28 U.S.C. § 1332(a).**

In addition to jurisdiction under CAFA, diversity jurisdiction also supports removal of this case. This Court has subject-matter jurisdiction over all cases in which the amount in controversy exceeds $75,000 and is between "citizens of different States." 28 U.S.C. § 1332(a). As discussed *supra*, Plaintiffs allege that the amounts at issue under the forfeiture and repayment provisions of their RSU Agreements are approximately $800,00.00 each, which surpasses the $75,000 threshold by a significant amount. (Ex. A ¶ 125.) Plaintiffs additionally seek unspecified damages for breach of contract and defamation. (*Id.* at 25–26.)

Plaintiffs' allegations also establish that there is complete diversity of citizenship. Plaintiffs Bova and Harris allege that they are residents of Florida. (*Id.* ¶¶ 11–12.) Because an individual is a citizen of the state in which he is domiciled, Bova and Harris are citizens of Florida for jurisdictional purposes. *See, e.g., Page v. Democratic Nat'l Comm.*, 2 F.4th 630, 634 (7th Cir. 2021). Plaintiff Clarity HCM, LLC, a limited liability company ("LLC"), is likewise a citizen of Florida because its members (Bova and Harris) are both Florida residents and it operates in Florida. *See, e.g., Silver Crown Invs., LLC v. Team Real Estate Mgmt., LLC*, 349 F. Supp. 3d 1316, 1324 (S.D. Fla. 2018) (in case involving Florida LLC, "[f]or purposes of determining diversity jurisdiction, the citizenship of [an LLC] is the citizenship of each of its members"). On the other hand, neither Defendant is a citizen of Florida. As explained *supra*, Defendants are citizens of Delaware and Illinois for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1).

Accordingly, the jurisdictional requirements of 28 U.S.C. § 1332(a) are satisfied and this case is properly removable.

### 5. Venue is proper.

The Northern District of Illinois is the proper venue for this action upon removal because this "district and division embrac[e]" the Circuit Court of Cook County. *See* 28 U.S.C. § 1441(a).

### 6. Defendants have satisfied all other requirements of the removal procedure.

This Notice of Removal is timely filed. Defendants' counsel received a copy of the complaint in the State Court Action via email on August 1, 2022, and Defendants filed and served this Notice of Removal within 30 days of this date, in compliance with 28 U.S.C. § 1446(b) and Fed. R. Civ. P. 6(a). As required by 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Defendants are being filed herewith as Exhibits A, B, and C. Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly serve on Plaintiffs and file with the

Circuit Court of Cook County a "Notice of Filing of Notice of Removal." Defendants will also include a certificate of service pursuant to Federal Rule of Civil Procedure 5(d).

### III.  RESERVATION OF RIGHTS AND DEFENSES

Defendants hereby reserve all of their defenses and rights, and nothing in this petition of removal should be construed as in any way conceding the truth of any of Plaintiffs' allegations or waiving any of Defendants' defenses. *See Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005) ("The question is not what damages the plaintiff will recover, but what amount is 'in controversy' between the parties. That the plaintiff may fail in its proof, and the judgment be less than the threshold (indeed, a good chance that the plaintiff will fail and the judgment will be zero) does not prevent removal.").

WHEREFORE, Defendants hereby remove this action to this Court on the basis of the Court's original jurisdiction over the action under CAFA, and on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a).

Dated: August 24, 2022

Respectfully submitted,

PAYLOCITY HOLDING CORPORATION
and PAYLOCITY CORPORATION

By:  /s/ Debbie L. Berman
     *One of their attorneys*

Debbie L. Berman (#6205154)
Peter J. Brennan (#6190873)
Hope H. Tone-O'Keefe (#6330548)
Katherine M. Funderburg (#6329702)
JENNER & BLOCK LLP
353 N. Clark St.
Chicago, Illinois 60654-3456
Telephone: (312) 222-9350
Facsimile: (312) 527-0484
DBerman@jenner.com
PBrennan@jenner.com
HToneOKeefe@jenner.com
KFunderburg@jenner.com

8

## **CERTIFICATE OF SERVICE**

I, Debbie L. Berman, hereby certify that a true and correct copy of the foregoing Notice of Removal was served this 24th day of August, 2022, upon the following recipients via U.S. Mail:

>Margherita M. Albarello
>Brittany N. Bermudez
>GOLAN CHRISTIA TAGLIA LLP
>70 W. Madison Street, Suite 1500
>Chicago, Illinois 60602
>Telephone: (312) 263-2300
>mmalbarello@gct.law
>bnbermudez@gct.law

/s/ *Debbie L. Berman*